# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:19-cr-00101-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| GINGER LYNN CUNNINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Defendant's Evaluation [Doc. 25].

The Defendant, through counsel, moves the Court for leave to file as exhibits an Evaluation prepared by Dr. John Warren, Ph.D., [Doc. 24] and a Letter prepared by Dr. Jason Goldie, M.D., [Doc. 24-1] under seal in this case. For grounds, counsel states that the exhibits contain confidential health information that is protected under the Health Insurance Portability and Accountability Act ("HIPAA"). [Doc. 25].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives."
Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed her motion on July 9, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from exhibits in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the exhibits at issue here. As for other information a defendant seeks to seal, the Court should consider the privacy interests of individuals related to a criminal case without undermining the public interest in access to the judicial process, particularly including information material to understanding the case. Id. at 492. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. However, the more significant the information to any relief a defendant seeks, the less likely it should be placed in the record under seal.

2

In the present case, the Evaluation prepared by Dr. Warren contains the identities of and information regarding the Defendant's adult relationships. However, the nature of some of those adult relationships are central to the Defendant's arguments for leniency. The evaluation also contains the Defendant's personal information regarding her mental health, personal history and background, as well as detailed personal disclosures. But this information, again, is central to the argument Defendant makes for leniency. Further, the Letter prepared by Dr. Goldie contains the same information as found in Defendant's publicly accessibly memorandum. [See Doc. 23 at 6-7]. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved adult persons.

The Evaluation, however, provides more detailed information regarding the Defendant's childhood abuse than contained in the Defendant's memorandum and is of less direct relevance or importance to the argument Defendant makes for leniency and is adequately disclosed in the arguments set out in the Defendant's memorandum. Thus, the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d at 492.

Here, the Defendant has demonstrated that the portions of the Evaluation [Doc. 24] containing the details of Defendant's childhood abuse are entitled to protection. However, the portions of the Evaluation regarding the Defendant's mental health, personal history and background, as well as detailed personal disclosures, are central to the argument the Defendant presents in favor of the relief sought. Further, there is no basis for sealing the Letter prepared by Dr. Goldie [Doc. 24-1], the Defendant's publicly accessible memorandum contains the same information and there is no indication that the Letter contains private personally identifiable information. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Evaluation and Letter, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Evaluation and Letter is feasible.

Accordingly, the Defendant's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Evaluation [Doc. 24] under a provisional seal. However, the Defendant shall also file a publicly accessible version of the Evaluation redacting only those portions containing

4

the details of Defendant's childhood abuse. Further, the Defendant's Letter [Doc. 24-1] shall be unsealed.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Defendant's Evaluation [Doc. 25] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that the Defendant's Evaluation prepared by Dr. Warren [Doc. 24] shall remain provisionally under seal. The Motion is **DENIED** to the extent that the Defendant shall file a redacted version of the Evaluation on the public docket within fourteen (14) days and the Letter prepared by Dr. Goldie [Doc. 24-1] shall be unsealed.

**IT IS FURTHER ORDERED** that upon the filing of an appropriately redacted version of the Evaluation on the public docket, the unredacted Evaluation [Doc. 24] shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: July 22, 2020

Martin Reidinger
Chief United States District Judge

5