THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00101-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> GINGER LYNN CUNNINGHAM, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Modification of Sentence [Doc. 38].

## I. PROCEDURAL BACKGROUND

The Defendant Ginger Lynn Cunningham owned and operated an independent title insurance agency in Buncombe County, North Carolina. [Doc. 21 at 4 ¶ 10]. Beginning in 2016, the Defendant began issuing fictitious title insurance policies and collecting premium payments for these bogus policies. [Id. at 5 ¶ 13]. The Defendant's fraud jeopardized over one hundred million dollars' worth of title insurance policies and caused losses to the title insurance company and over a dozen closing attorneys, all of whom also suffered damage to their credibility and reputations. [Id. at 5 ¶¶ 16, 17].

In October 2019, the Defendant pled guilty to one count of wire fraud. [Doc. 9]. The Defendant stipulated that the total loss amount attributable to her fraudulent scheme was in excess of $550,000 but less than $1,500,000. [Doc. 21 at 5 ¶ 18].

On July 16, 2020, the Court sentenced the Defendant to 14 months of imprisonment, to be followed by three years of supervised release. [Doc. 30]. The Defendant was also ordered to pay $412,344 in restitution. [Id.].

The United States Marshals Service instructed the Defendant to report to the Federal Correctional Institute in Aliceville, Alabama ("FCI Aliceville") no later than August 25, 2020. [Doc. 34-1]. The Defendant subsequently moved to defer her report date, citing the ongoing COVID-19 pandemic and arguing that her chronic medical conditions increased her susceptibility to complications if she were to contract the virus. [Doc. 34]. The Court granted the Defendant's motion and extended her report date to October 24, 2020. [Doc. 35].

In October 2020, the Defendant filed a second motion to defer her report date, again citing COVID-19 concerns. [Doc. 36]. The Court granted the Defendant's request and extended her report date to at least December 23, 2020. [Doc. 37]. In so doing, however, the Court noted that any further

extension would be unlikely and that "[t]he service of the Defendant's sentence cannot be deferred indefinitely." [Doc. 37 at 2].

On December 21, 2020, the Defendant filed the present motion, seeking a modification of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) for "extraordinary and compelling reasons." [Doc. 38]. Specifically, the Defendant argues that, in light of the increased rate of infection in both FCI Aliceville and the Defendant's particular susceptibility to the virus, the Court should modify her active term of imprisonment to an "alternative form of punishment." [Id.].

The Court directed the Government to respond to the Defendant's motion and extended the Defendant's report date to January 30, 2021 so that the Defendant's motion could be fully briefed and considered by the Court. [Doc. 39]. On December 28, 2020, the Government filed a response, opposing the Defendant's request. [Doc. 40]. The Defendant filed a reply on January 6, 2021. [Doc. 41]. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

The Court may reduce or modify a defendant's sentence only under limited circumstances. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Pursuant to 18 U.S.C. § 3582, a sentence may be modified pursuant to § 3582(c); corrected pursuant to Rule 35 of the Rules of Criminal

3

Procedure; or, in the case of a non-Guidelines sentence, appealed and modified pursuant to 18 U.S.C. § 3742. 18 U.S.C. § 3582(b).

Here, the Defendant seeks a modification of her sentence pursuant to § 3582(c)(1)(A)(i), which provides as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C.A. § 3582(c)(1)(A)(i). By its plain language, this provision makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction.

The Defendant asserts that she has fulfilled the exhaustion requirement set forth in § 3582(c)(1)(A)(i) by twice writing the Warden at FCI Aliceville to request relief. [Doc. 38 at 2]. However, because the Defendant has not yet been committed to a BOP facility, the Warden at FCI Aliceville

4

has no authority over her. Further, because she is not yet in BOP custody, BOP staff cannot even begin to take the steps necessary to evaluate the Defendant's request. If the Court were to find that the Defendant's request—made 30 days prior to even reporting to BOP—were sufficient to satisfy the requirements of § 3582(c)(1)(A)(i), it would render these requirements meaningless.

Even assuming that the Defendant's request could be properly considered by the Court at this time, the Defendant has failed to meet her burden of proving that there are extraordinary and compelling reasons to grant the requested relief. While the Defendant asserts in her motion that she suffers from a variety of conditions that increase her susceptibility to COVID-19 [Doc. 38 at 5], she fails to offer any proof of these conditions. According to the Presentence Report, which was prepared in January 2020, the Defendant has vision problems and an unidentified thyroid issue for which she has avoided treatment with medication. [Doc. 21 at 11 ¶ 58]. No other physical health problems were identified. [Id.]. These conditions do not qualify as extraordinary and compelling reasons for release, even in the context of the pandemic.

Further, the Defendant has not presented any evidence that would alter the Court's findings concerning the § 3553(a) sentencing factors. The

5

Court sentenced the Defendant during the pandemic, so it already took into account the Defendant's history and characteristics that might be relevant to the sentence imposed. Further, the Defendant's crime was serious. Her fraud jeopardized over one hundred million dollars' worth of title insurance policies and caused losses to the title insurance company and over a dozen closing attorneys, all of whom also suffered damage to their credibility and reputations. The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment all continue to favor an active term of incarceration.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Modification of Sentence [Doc. 38] is **DENIED**.

The Clerk is directed to provide a copy of this Order to counsel for the Government, counsel for the Defendant, the United States Marshals Service, and the appropriate official at the Bureau of Prisons.

**IT IS SO ORDERED.**

Signed January 7, 2021

Martin Reidinger
Chief United States District Judge