THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00101-MR-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **GINGER LYNN CUNNINGHAM,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Expedited Consideration of Defendant's Motion for Sentence Reduction [Doc. 46]; the Government's Response to Defendant's Motion for Expedited Consideration [Doc. 47]; and the Government's Motion to Seal Exhibit [Doc. 49].

On July 22, 2020, the Court sentenced the Defendant Ginger Lynn Cunningham to fourteen months' imprisonment for wire fraud. [Doc. 29]. After seeking two deferrals of her report date, the Defendant began serving her sentence on January 27, 2021. The Defendant is currently incarcerated at FCI Aliceville, and her projected release date is January 21, 2022.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 22, 2021).

The Defendant, through previous counsel, filed her first motion for compassionate release on December 21, 2020, before Defendant even began serving her sentence. [Doc. 38]. The Court denied the motion on January 7, 2021. [Doc. 42]. Specifically, the Court found that: (1) the Defendant had not properly exhausted her administrative remedies; (2) the Defendant had failed to meet her burden of proof that extraordinary and compelling reasons existed that justified relief; and (3) the § 3553(a) factors continue to require a term of active incarceration. [Id.].

The Defendant, through current counsel, filed a second motion for compassionate release on July 18, 2021. [Doc. 45]. The next day, the Court ordered the Government to file a response by August 18, 2021. [Text-Only Order entered July 19, 2021]. On July 21, 2021, the Defendant filed the present motion requesting that the Government be given only ten (10) days to respond. [Doc. 46]. As grounds for her request, the Defendant asserts that she is suffering from malnutrition related to anorexia nervosa and that her current conditions of confinement pose the risk for irreparable harm to her physical and mental well-being. [Doc. 46 at 1, 2]. The Government opposes the Defendant's request. [Doc. 47].

Local Criminal Rule 47.1 provides that responses to criminal motions must be filed within seven (7) days, unless otherwise ordered by the Court. LCrR 47.1(e). The Court customarily orders the Government to respond to compassionate release motions within thirty (30) days due to the fact that such motions generally require the Government to gather and evaluate extensive documentation from the Bureau of Prisons. That certainly appears to be the case here, as the Government notes in its response that it already has begun this process and has possession of some of the required documents, but that it is still awaiting the production of additional information from BOP's legal counsel. [See Doc. 47 at 2]. Moreover, the BOP medical records provided by the Government indicate that the Defendant only recently reported symptoms of an eating disorder, and that she is receiving appropriate medical care. [See Doc. 48]. In light of all of these circumstances, the Court concludes that an expedited response is not warranted. The Government's response deadline will remain August 18, 2021.

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 48] filed in support of its Response to the Defendant's Motion for Expedited Consideration. [Doc. 49].

3

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on July 21, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Expedited Consideration of Defendant's Motion for Sentence Reduction [Doc. 46] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Exhibit [Doc. 49] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 48] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: July 26, 2021

Martin Reidinger
Chief United States District Judge