**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00101-MR-WCM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **O R D E R** |
| | ) |
| GINGER LYNN CUNNINGHAM, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction Based on Compassionate Release [Doc. 45]; the Government's Response to Defendant's Second Motion for Compassionate Release [Doc. 51]; the Government's Motion to Seal Exhibit [Doc. 53]; the Defendant's Reply [Doc. 55]; and the Defendant's Supplemental Reply [Doc. 56-1].

## I.     BACKGROUND

In October 2019, the Defendant Ginger Lynn Cunningham pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343.  [See Docs. 1, 2]. The Court sentenced her in July 2020 to a term of 14 months' imprisonment. [Doc. 30].  In the Judgment, the Court included a recommendation to the Bureau of Prisons (BOP) that the Defendant be "[p]laced at FPC Alderson,

considering defendant's security classification." [Id. at 2]. The BOP instead designated FCI Aliceville as the Defendant's place of incarceration. After receiving three deferrals of her report date, the Defendant began serving her sentence at FCI Aliceville on January 27, 2021. [Docs. 35, 37, 39]. The Defendant has been approved to transfer to a Residential Re-Entry Center effective December 14, 2021. [Doc. 51-1 at 2]. Her projected release date is January 21, 2022.[1]

The Defendant filed, through previous counsel, a motion for compassionate release prior to even reporting to serve her term of imprisonment, citing concerns related to the COVID-19 pandemic. [Doc. 38]. The Court denied that motion on January 7, 2021. [Doc. 42]. The Defendant, through current counsel, now renews her request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Doc. 45].

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered July 19, 2021]. The Government filed its response on August 5, 2021. [Doc. 51]. The Defendant subsequently filed

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Sept. 24, 2021). This projected release date considers the Defendant's "good time" credit but does not factor in her anticipated early release to a Residential Re-Entry Center.

a Reply on August 19, 2021 [Doc. 55] and, after receiving leave of Court, a Supplemental Reply on September 1, 2021 [Doc. 56-1].

## II.  DISCUSSION

### A.  Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies.  Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must

Case 1:19-cr-00101-MR-WCM   Document 57   Filed 09/27/21   Page 3 of 10

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons.  This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release.  In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence.  See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)").  Thus, this Court is "empowered . . . to consider *any*

4

extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that her history of anorexia nervosa and her recent precipitous weight loss qualify as "extraordinary and compelling reasons" warranting her early release. [Doc. 45]. Specifically, she alleges that she has been denied proper medical and psychological care for her condition. [Id.]. She also contends that her placement at FCI Aliceville is inappropriate for her security classification and is inconsistent with this Court's placement recommendation in the Judgment. [Id.].

Contrary to the Defendant's arguments, however, the BOP medical records provided by the Government demonstrate that the Defendant did not report the resurgence of her anorexia until June 2021, and that her recent weight loss is being addressed by BOP medical staff. [See Doc. 48 at 1-5]. While the Defendant claims that her requests for psychological treatment have been ignored, the medical records indicated that she was evaluated by a psychologist in February 2021 while she was in COVID quarantine. [Doc.

52 at 10]. She reported that she was doing okay and did not exhibit any symptoms of psychological distress. [Id.]. Another psychologist interviewed her three days later; at that time, she denied any history of mental health issues. [Id. at 7]. The psychologist noted in her chart that the Defendant's Presentence Report referenced her history of an eating disorder; however, the Defendant did not report any issues with anorexia or purging at that time. [Id.]. She reported feeling "sad and anxious," but attributed this to being newly incarcerated. [Id.].

The Defendant was evaluated again by a psychologist in July 2021, after she reported a significant weight loss. [Id. at 2]. The psychologist discussed with her health coping skills and noted that her mood had improved by the end of the visit. [Id.]. The psychologist advised the Defendant about to discuss with Health Services the criteria for a special diet menu and how to seek out further psychological services if needed. [Id.].

These records indicate that the BOP medical staff have responded appropriately to the Defendant's report of a recurrence of anorexia and weight loss. Further, there is nothing in the record to indicate that her condition is debilitating or prevents her exercising self-care while in prison. For all these reasons, the Court concludes that the Defendant's current

6

medical condition does not constitute an extraordinary and compelling reason warranting her immediate release.

The Defendant also takes issues with the BOP's determination to place her at FCI Aliceville. She contends that this facility is inappropriate for her security classification and is contrary to the recommendation regarding placement as set forth in the Judgment. As the Defendant acknowledges [Doc. 45 at 11], the BOP is not bound by a court's placement recommendation. See 18 U.S.C. § 3621(b). And, in any event, the basis for this recommendation has no bearing on the grounds raised in the Defendant's motion: at sentencing, defense counsel requested a specific recommendation for placement at FPC Alderson in light of the fact that Alderson did not have any COVID cases in its facility at the time. The Defendant does not raise any COVID-related grounds in her motion for compassionate release.[2]

Even if any of these circumstances could be considered an extraordinary and compelling reason for release, this Court still must

---

[2] Nor would she have reason to: when the Defendant ultimately reported to begin service of her sentence, she immediately tested positive for COVID-19 and was placed in quarantine. [Doc. 48 at 11-12]. She apparently recovered from the virus without any complications.

7

consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. <u>See</u> § 3582(c)(1)(A); <u>United States v. Chambliss</u>, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was very serious. Her fraud jeopardized over one hundred million dollars' worth of title insurance policies. [Doc. 21: PSR at 5]. Her fraud caused losses to the title insurance company and over a dozen closing attorneys, all of whom also suffered damage to their credibility and reputations. The Defendant's history of anorexia was outlined in the PSR, so the Court already took this condition in account when determining the history and characteristics that might be relevant to the sentence imposed. The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment remain unchanged since the time of the Defendant's original sentencing.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for a reduction in sentence is denied.

8

**B.    Motion to Seal**

The Government moves the Court for leave to file under permanent seal the BOP psychological records [Doc. 52] filed in support of its Response to the Defendant's motion.  [Doc. 53].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion.  The Government filed its motion on August 5, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time.  Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having

considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction Based on Compassionate Release [Doc. 45] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 53] is **GRANTED**, and the medical records [Doc. 52] submitted in support of the Government's Response shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.** Signed: September 27, 2021

Martin Reidinger
Chief United States District Judge