# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:19-cr-00101-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| GINGER LYNN CUNNINGHAM, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of her term of supervised release. [Doc. 59]. The Government opposes the Defendant's motion. [Doc. 60].

On October 28, 2019, the Defendant pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. [Docs. 1, 9]. On July 22, 2020, the Court sentenced her to 14 months' imprisonment and three years of supervised release and ordered her to pay $412,344 in restitution to numerous individual victims. [Doc. 30]. The Defendant served her term of imprisonment and began her term of supervised release on January 14,

2022.  The Defendant now moves the Court to exercise its discretion and terminate her term of supervised release.  [Doc. 59].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  Upon careful consideration of the record, the Court is not satisfied that termination of the Defendant's term of supervised release is warranted at this time.  While the Defendant's compliance with supervision has been commendable, she continues to owe a substantial sum of restitution for which she has made only the minimum required payments.  The Government notes in its response that, to date, the Defendant has paid approximately $3,140 toward her restitution obligation and still owes approximately $409,303.  [See Doc. 60 at 1-2].  The Government also notes that the Defendant claims to earn only $250 per month as a short term rental cleaner, but the Defendant's own motion suggests that she is physically able to seek gainful employment that would permit her to pay more than the minimum $50 per month toward her restitution obligation.  [Id. at 2-3].

For all of these reasons, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 59], which the Court construes as a motion for early termination of the term of supervised release, is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: January 24, 2024

Martin Reidinger
Chief United States District Judge